**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:18-cr-00475-IM |
| v. | **OPINION AND ORDER** |
| **DONTAE LAMONT HUNT**, | |
| Defendant. | |

Peter D. Sax, Gary Y. Sussman, and Suzanne A. Miles, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for the United States.

Amanda A. Thibeault, Alvarez Thibeault, LLC, 330 NE Lincoln Street, Suite 200, Hillsboro, OR 97124. John Robb, Kevin Sali LLC, 1500 SW 1st Avenue, Suite 1020, Portland, OR 97201. Attorneys for Defendant.

**IMMERGUT, District Judge.**

**INTRODUCTION**

Defendant Dontae Lamont Hunt is charged in a superseding indictment with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), 841(b)(1)(C), and 846, conspiracy to possess with intent to distribute and to distribute controlled substances (Count One); 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), possession with intent to distribute fentanyl analogue (Count Two); 18 U.S.C. §§ 922(g)(1) and 924(e)(1), unlawful possession of firearms as an armed career criminal (Counts Three and Four); 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a drug

trafficking crime (Count Five); and 18 U.S.C. § 1956, laundering of monetary instruments

(Counts Six and Seven). ECF 45; ECF 47; *see also* ECF 73. The indictment also includes several

forfeiture allegations. ECF 45. All of the conduct alleged in the superseding indictment occurred

between November 2017 and September 2018. *Id.*

        Before this Court is Defendant Hunt's Motion for Recusal brought under 28 U.S.C.

§ 455(a), (b)(1), and (b)(2). ECF 234. In his motion, Defendant Hunt argues two grounds for

recusal. First, Defendant was convicted of a prior offense in 2005 during my tenure as U.S.

Attorney. Defendant Hunt argues recusal is required because the 2005 conviction has been used

by the Government in this case to support probable cause for the search warrants at issue in a

pending motion to suppress, and to enhance the penalties for Counts Three and Four of the

superseding indictment. *Id.* at 5. Second, Defendant Hunt contends that recusal is required

because there are overlapping factual issues between this case and the prosecution of Lorenzo

Jones in a separate case (3:19-cr-00333), *id.* at 6, a case from which I was recused, after the

Government agreed to the recusal, *United States v. Lorenzo Jones*, 3:19-cr-00333, ECF 372, ECF

410.

        The Government opposes recusal here. The Government argues that recusal is not

warranted because the Government does not intend to offer evidence of the facts underlying

Defendant Hunt's prior conviction in its case-in-chief at trial. ECF 238 at 4. The Government

further contends (1) I need not make factual findings about Defendant Hunt's prior 2005

conviction for purposes of reviewing the search warrants at issue, *id.* at 5, and (2) any familiarity

I may have with the prosecution of Mr. Jones is immaterial to the crimes charged in this case, *id.*

at 6–7. Defendant Hunt's reply re-emphasizes the import of Defendant Hunt's prior 2005

conviction in my review of the search warrants at issue. ECF 241 at 2. I held a hearing on

Defendant Hunt's recusal motion on August 30, 2022. ECF 242. For the reasons stated on the record and for the following reasons, Defendant Hunt's Motion for Recusal is DENIED.

## BACKGROUND

### A.  The Present Case

Defendant Hunt was indicted in the present case on October 10, 2018. The case was originally assigned to the Honorable Michael W. Mosman. A superseding indictment was issued on March 4, 2020. ECF 45. On June 29, 2021, this case was reassigned to me. Counts Three and Four of the superseding indictment charge Defendant Hunt with unlawful possession of firearms by a felon as an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). ECF 46. The conduct alleged in Count Three occurred on or about September 27, 2018, and the conduct alleged in Count Four occurred on or about December 2, 2017. Both counts list the same three predicate felony offenses: a November 9, 1999 state conviction for delivery of a controlled substance; a September 5, 2001 state conviction for delivery of a controlled substance; and the September 23, 2005 federal conviction for possession with intent to distribute more than five grams of cocaine base and carrying a firearm during and in relation to a drug trafficking crime. ECF 45 at 2–4.[1] The September 23, 2005 federal conviction occurred after a guilty plea and sentencing during my tenure as U.S. Attorney. My tenure as U.S. Attorney began in October 2003 and ended over thirteen years ago in July 2009. Defendant Hunt's recusal motion comes over one year after his case was assigned to me and less than two months before trial.

---

[1] Each of the three alleged predicate offenses also serve to establish Defendant Hunt's status as a felon for Counts Three and Four of the superseding indictment, but Defendant Hunt has not raised that as a basis for recusal.

**B. The Prior 2005 Conviction**

On August 13, 2002, Defendant Hunt was indicted for violations of 18 U.S.C. §§ 922(g) and 841(a) and (b). *United States v. Hunt*, No. 3:02-cr-00333, ECF 1. The original investigation and indictment occurred during the tenure of former U.S. Attorney—now U.S. District Court Judge—the Honorable Michael W. Mosman. In October 2003, I began serving as U.S. Attorney for the District of Oregon. At that time, Defendant Hunt was already under indictment for the case resulting in the 2005 conviction. In 2003 and 2004, the indictment was superseded, *id.* at ECF 3, ECF 35, ECF 40, and the case proceeded to a jury trial on December 14, 2004. *Id.* at ECF 93. Defendant Hunt pled guilty on the second day of trial to two counts of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *Id.* at ECF 94, ECF 95. Defendant Hunt was sentenced to a 240-month prison term on September 23, 2005, *id.* at ECF 116, and his sentence was commuted by President Barrack Obama in October 2016, *id.* at ECF 190.

**C. Relationship of *United States v. Lorenzo Jones* to Defendant Hunt's Recusal Motion**

*United States v. Lorenzo Jones*, a RICO conspiracy case, was assigned to me on January 11, 2022. No. 3:19-cr-00333, ECF 254. On June 22, 2022, Lorenzo Jones filed a motion for my recusal. *Id.* at ECF 361. The primary basis for Jones' recusal motion was that Mr. Jones was previously prosecuted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) by the U.S. Attorney's Office in 2007 while I was U.S. Attorney, for very the same conduct alleged in one of the overt acts in the pending RICO conspiracy case. *Id.*; *see also id.* at ECF 73. The conduct alleged against Mr. Jones in that overt act (overt act thirty-one) allegedly occurred on August 8, 2005. *Id.* at ECF 361. The Government agreed to the recusal based on 28 U.S.C. § 455(a) alone. *Id.* at ECF 372. I referred that recusal motion to the Honorable Michael

W. Mosman, *id.* at ECF 364, who granted the motion because the Government agreed to the recusal, without deciding whether recusal was required, *id.* at ECF 373.[2]

Unrelated to overt act thirty-one and to the recusal motion brought in the *Jones* case, Lorenzo Jones is charged in the RICO case with "attempt[ing] to murder [Defendant Hunt] by discharging a firearm at [Defendant Hunt], a suspected rival gang member" in Eugene, Oregon on December 2, 2017. *Id.* at ECF 73. This alleged conduct occurred more than eight years *after* I stopped serving as U.S. Attorney. After Defendant Hunt was shot on December 2, 2017, he was driven to the hospital by Aiesha Thomas and Rylie Jones. ECF 182 at 2. Eugene Police subsequently conducted a traffic stop of Thomas and Rylie Jones and found two loaded guns in the car in a bag allegedly belonging to Defendant Hunt. *Id.* Defendant Hunt is now charged in Count Four of the superseding indictment with unlawful possession of firearms as an armed career criminal based on the firearms recovered from the bag recovered by police on the night of the December 2017 shooting. ECF 46.

## LEGAL STANDARDS

Section 455 of Title 28 of the United States Code provides in pertinent part as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

---

[2] At the hearing on Mr. Jones' Motion for Recusal, the Honorable Michael W. Mosman drew the following conclusion: "I think the government prudently has decided that [recusal is] not an issue worth fighting and maybe losing after a whole trial is over with. That's not good for anybody, and I agree with that position, and so on background, although I'm not sure it technically requires recusal, I think the better course is recusal." *United States v. Lorenzo Jones*, No. 3:19-cr-00333, ECF 410.

…

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.[3]

## A. Recusal Under 28 U.S.C. § 455(a)

28 U.S.C. § 455(a) requires a judge to recuse herself to avoid the appearance of partiality. *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). The test for disqualification under § 455(a) is an objective one. *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). A judge must ask herself "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Holland*, 519 F.3d at 913 (internal citation and quotation marks omitted).

## B. Recusal Under 28 U.S.C. § 455(b)

28 U.S.C. § 455(b) requires a judge to "determine whether [she] can be truly impartial when trying the case." *Id.* at 915. The test for disqualification under § 455(b) is a subjective one—it is a test for "actual bias." *Id.* "If the judge feels [she] cannot hear the case without bias…then the judge has a duty to recuse [herself] irrespective of how it looks to the public." *Id.*

28 U.S.C. § 455(a) and (b)(3) imputes to the United States Attorney the knowledge and acts of [her] assistants." *United States v. Arnpriester*, 37 F.3d 466, 467 (9th Cir. 1994). The result of such "vertical imputation" is that a judge "cannot adjudicate a case that he or she as United States Attorney [or her assistants] began." *Id.* The Ninth Circuit has also suggested that a judge need only recuse herself when the case before her is the same case, related to the same

---

[3] In Defendant Hunt's Motion for Recusal, Defendant Hunt argued that recusal was necessary under all three statutory provisions: 28 U.S.C. §§ 455(a), (b)(1), and (b)(3). However, at the August 30, 2022 hearing on the motion, counsel for Defendant Hunt clarified that Defendant Hunt's primary basis for recusal is § 455(a). I will nonetheless also address §§ 455 (b)(1) and (b)(3) in this Opinion and Order.

case, or shares a common event with a case prosecuted during the judge's tenure as U.S. Attorney. *See United States v. Silver*, 245 F.3d 1075, 1079–80 (9th Cir. 2001). Recusal is not necessary when the cases in question are unrelated even if they involve the prosecution of the same defendant. *See, e.g.*, *Gravenmier v. United States*, 469 F.2d 66, 67 (9th Cir. 1972).

## ANALYSIS

### C.  Appropriate Forum for Deciding Defendant Hunt's Motion for Recusal

"The initial decision whether or not to sit in a case rests with the individual judge." *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994). The Ninth Circuit has made clear that the Court to which a motion for recusal is addressed is the Court that should review that motion. *Id.* at 843. The text of the statute suggests the same result. 18 U.S.C. § 455(a) (a judge "shall disqualify *himself*…"); § 455(b) (a judge "shall also disqualify *himself*…") (emphasis added). Thus, this Court is the proper forum to review Defendant Hunt's Motion for Recusal.[4]

### D.  Defendant Hunt's Prior 2005 Conviction

Both Defendant Hunt and the Government rely on *U.S. v Silver*, 245 F.3d 1075 (9th Cir. 2001) to support their respective positions. In *Silver*, the Ninth Circuit considered whether recusal was warranted in a case against a defendant who was previously investigated during a judge's tenure as U.S. Attorney. 245 F.3d at 1079–80. The defendant was indicted for the previous offense after the judge was appointed to the federal bench, but the conviction was used for a sentencing enhancement in the new case before that judge. *Id.* at 1080. The Ninth Circuit

---

[4] I referred Mr. Jones' Motion for Recusal in *United States v. Lorenzo Jones*, 3:19-cr-00333, ECF 361, to the Honorable Michael W. Mosman, *id.* at ECF 364, because Judge Mosman was originally the judge assigned to that case for over two years and was more familiar with its lengthy procedural history.

concluded that recusal was not necessary, reciting several grounds. First, the new crimes were not related to the defendant's prior indictment. *Id.* at 1079–80. Second, the prior conviction was "used only, for purposes of sentencing, to enhance the instant offense"—the judge "was not asked to make any determinations or to render an opinion on the [prior] conviction." *Id.* at 1080. Third, the judge did not participate in the conviction of the defendant for the prior offense. *Id.* Fourth, there was more than a ten-year lapse between the prior investigation and the current indictment. *Id.* Finally, there was only a two-year overlap between the judge's service as U.S. Attorney during the initial phase of the investigation and the five-year investigation carried out against the defendant. The Ninth Circuit concluded that a consideration of these factors did not lead a reasonable person to question the judge's impartiality. *Id.*

Defendant Hunt argues that his prior 2005 conviction requires my recusal in the present case because it was included as support for the probable cause in search warrants at issue and is a predicate offense for sentencing enhancements in Counts Three and Four of the superseding indictment. ECF 234 at 5. I disagree. As in *Silver*, neither basis requires me to make any determinations or render an opinion on the prior conviction. With respect to the probable cause affidavit, I need not make any factual findings or review the conduct related to Defendant Hunt's prior 2005 conviction. Defendant Hunt pled guilty to the prior offense, and the fact of his 2005 conviction alone is what is relevant for the probable cause determination and for any sentencing enhancements. The Government's argument in prior briefing that Defendant Hunt's status as a "recidivist drug dealer" supports probable cause, ECF 230 at 12, is a characterization of Defendant Hunt's criminal record and does not require me to consider the factual underpinnings of Defendant Hunt's prior 2005 conviction.

At the August 30, 2022 hearing, counsel for Defendant Hunt argued that I must evaluate the weight of Defendant Hunt's prior 2005 conviction to assess the search warrants at issue. I am unpersuaded. I need only take the fact of Defendant Hunt's 2005 conviction—along with Defendant Hunt's two prior state drug trafficking convictions and the other bases for probable cause—into account. The same is true for the sentencing enhancement. I need only consider the fact of Defendant Hunt's conviction and nothing more.

Moreover, Defendant Hunt's prior conviction and sentencing took place over seventeen years ago during my tenure as U.S. Attorney, a position I left more than a decade ago. Furthermore, the investigation leading to Defendant Hunt's indictment in 2002 occurred more than a year before I became U.S. Attorney in October 2003. In addition, I did not personally participate in the prior prosecution of Defendant Hunt and have no recollection of his prior case. Based on all of these factors, I find that a reasonable person with all the facts would not question my impartiality in the present case. Thus, I need not recuse myself under § 455(a).

Further, as I stated at the August 30, 2022 hearing on this motion, and reemphasize here, I have no personal bias or prejudice against Defendant Hunt. Nor do I have any personal recollection of Defendant Hunt or the facts underlying his prior 2005 conviction. Further, I have no knowledge of any disputed evidentiary facts. Finally, at the August 30, 2022 hearing, counsel for Defendant Hunt was unable to identify any examples of disputed evidentiary facts that I would be required to resolve. For all of these reasons recusal is also not required under § 455(b)(1) or (b)(3).

## E.  Inapplicability of Recusal in *United States v. Lorenzo Jones* to This Case

Defendant Hunt suggests that my recusal in *United States v. Lorenzo Jones*, 3:19-cr-00333, warrants recusal in the present case. ECF 234 at 6. The primary basis for recusal raised in *Jones* was that the conduct alleged in an overt act of the RICO conspiracy charge was previously

prosecuted during my tenure as U.S. Attorney. The conduct set forth in that overt act is not related to the present case or to Defendant Hunt in any way. The Government's use of Defendant Hunt's prior 2005 conviction in the present case is not analogous to the overt act in *Jones*. In *Jones*, the Government must prove the conduct at issue in the overt act. Conversely, in this case, the Government need only demonstrate the existence of Defendant Hunt's prior 2005 conviction, a fact based on public records, not the underlying conduct.

Defendant Hunt also contends that there are overlapping factual issues between the prosecution of Mr. Jones and this case that require recusal. ECF 234 at 3. However, the fact that this case may share one common event with the *Jones* case—namely, Mr. Jones allegedly shot Defendant Hunt on December 2, 2017—is immaterial because it occurred well after my tenure as U.S. Attorney and is not related in any way to Defendant Hunt's prior 2005 conviction. Therefore, recusal is not required under § 455(b)(3).

Defendant Hunt also claims that my personal knowledge of Mr. Jones or Mr. Jones' alleged gang involvement could somehow undermine my impartiality towards Defendant Hunt. *Id.* at 6. But the fact that Defendant Hunt was allegedly shot by Mr. Jones in 2017 is only relevant in the present case because officers discovered firearms allegedly belonging to Defendant Hunt as they investigated that shooting. Those firearms serve as the basis for Count Four—possession of firearms as an armed career criminal. Unlike Count Five—possession of a firearm in furtherance of a drug trafficking scheme—the Government need not prove Defendant Hunt's motive for possessing firearms for Count Four—only that he possessed them. Accordingly, there are no disputed evidentiary facts about which I might have personal knowledge. Any familiarity I might have with Mr. Jones from the five and a half months I presided over his case is immaterial and does not require recusal in this case under § 455(b)(1).

PAGE 10 – OPINION AND ORDER

Likewise, I find that a reasonable person with all the facts would not question my impartiality in the present case due to my recusal from *Jones* or due to any factual overlap with *Jones*. Thus, I do not need to recuse myself under 28 U.S.C. § 455(a), (b)(1), or (b)(2).

**CONCLUSION**

For the reasons set forth above, Defendant Hunt's Motion for Recusal, ECF 234, is DENIED.

**IT IS SO ORDERED**.

DATED this 2nd day of September, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge