IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DONTAE LAMONT HUNT**, <br><br> Defendant. | Case No. 3:18-cr-00475-IM <br><br> **OPINION AND ORDER** |

Peter D. Sax, Gary Y. Sussman, and Suzanne A. Miles, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for the United States.

Amanda A. Thibeault, Alvarez Thibeault, LLC, 330 NE Lincoln Street, Suite 200, Hillsboro, OR 97124. John Robb, Kevin Sali LLC, 1500 SW 1st Avenue, Suite 1020, Portland, OR 97201. Attorneys for Defendant.

**IMMERGUT, District Judge.**

## INTRODUCTION

Defendant Dontae Lamont Hunt is charged in a superseding indictment with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), 841(b)(1)(C), and 846, conspiracy to possess with intent to distribute and to distribute controlled substances (Count One); 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), possession with intent to distribute fentanyl analogue (Count Two); 18 U.S.C. §§ 922(g)(1) and 924(e)(1), unlawful possession of firearms as an armed career criminal (Counts Three and Four); 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a drug

PAGE 1 – OPINION AND ORDER

trafficking crime (Count Five); and 18 U.S.C. § 1956, laundering of monetary instruments (Counts Six and Seven). ECF 45; ECF 47; *see also* ECF 73. The indictment also includes several forfeiture allegations. ECF 45 at 6–7. All of the conduct alleged in the superseding indictment occurred between November 2017 and September 2018. *Id.* at 1–7.

Before this Court is Defendant's renewed Motion for Relief from Misjoinder or for Severance. ECF 235. Defendant asks this Court for an order severing Count Four from the remaining counts for a separate trial. *Id.* at 1. Defendant argues relief from misjoinder is necessary because Count Four is improperly joined with the other charges under Fed. R. Crim. P. 8(a). *Id.* at 4–6. In addition, Defendant contends that severance is warranted because a joint trial would prejudice Defendant pursuant to Fed. R. Crim. P. 14(a). *Id.* at 7–10.

The Government responds that severance is not necessary because "[n]othing has changed" since Defendant's first severance motion. ECF 244 at 1. The Government contends that Count Four was properly joined in the superseding indictment and that the evidence pertaining to this count will overlap at trial with evidence of other counts. *Id.* at 8–9. This Court held a hearing on Defendant's motion on September 9, 2022. ECF 248. For the reasons stated on the record and for the following reasons, Defendant's Motion for Relief from Misjoinder or for Severance is DENIED.

## BACKGROUND

### A. Superseding Indictment

Defendant was charged in the present case in a superseding indictment on March 4, 2020. ECF 45. Count One charges Defendant with conspiracy to possess with intent to distribute and to distribute controlled substances, and Count Two charges Defendant with possession with intent to distribute fentanyl analogue. *Id.* at 1–2. Both counts charge that the unlawful conduct began no later than November of 2017 and continued into September of 2018. *Id.* Counts Three and

PAGE 2 – OPINION AND ORDER

Four charge Defendant with unlawful possession of firearms by a felon as an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *Id.* at 2–3. These firearms were allegedly possessed on or about September 27, 2018 (Count Three) and December 2, 2017 (Count Four), respectively—both within the period of the alleged drug trafficking conspiracy. *Id.* at 1–3. Counts Three and Four also each list the same three predicate offenses: a November 9, 1999 state conviction for delivery of a controlled substance; a September 5, 2001 state conviction for delivery of a controlled substance; and a September 23, 2005 federal conviction for possession with intent to distribute more than five grams of cocaine base and carrying a firearm during and in relation to a drug trafficking crime. *Id.* at 2–3.

**B. Count Four**

Count Four arises from an incident on December 2, 2017 in which Defendant was allegedly shot outside of an apartment building in Eugene, Oregon. ECF 244 at 2. Defendant is allegedly shown in video surveillance footage wearing a satchel. *Id.* After being shot, Defendant's girlfriend retrieved the satchel and carried it toward a car that she used to drop Defendant off at the hospital. *Id.* Eugene Police officers subsequently stopped this car, finding a bloodstained Gucci satchel on the floorboard with two loaded firearms inside: a Glock Model 27 .40 caliber pistol and a Glock .380 caliber pistol. *Id.* at 3. Back at the shooting scene, officers found a phone subscribed in Defendant's name that contained evidence of trafficking in counterfeit oxycodone pills. *Id.*

In September 2018, law enforcement obtained a search warrant for Defendant's Portland residence ("Dekum residence") and found a gun box under the bed in the master bedroom. *Id.* at 4. The make, model, and serial number of the .40 caliber pistol found in Eugene were written on the outside of the box. *Id.* Agents also located a handwritten bill of sale in the bedroom stating that this gun had been sold to Defendant's girlfriend before the December 2017 shooting. *Id.*

PAGE 3 – OPINION AND ORDER

Law enforcement also found fentanyl pills, a digital scale, packaging materials, cash, and two firearms at the Dekum residence, which are the guns alleged in Counts Three and Five of the superseding indictment. *Id.*

### C. October 2020 Motion to Sever

In October of 2020, when this case was assigned to the Honorable Michael W. Mosman, Defendant moved to sever Count Four of the superseding indictment. ECF 93 at 1; *see also* Fed. R. Crim. P. 14(a). Defendant claimed that Count Four bore no relation to the other counts in the superseding indictment, "other than Mr. Hunt and his alleged possession of firearms." ECF 93 at 4. More specifically, Defendant argued that no evidence had been provided to suggest that the Eugene shooting was related to a drug transaction. *Id*. Judge Mosman denied this motion to sever, finding that Defendant's Count Four possession of firearms and Defendant's participation in a drug trafficking conspiracy were "at least sufficiently intertwined both in terms of the scope of the conspiracy, the dates that are included within the conspiracy, and overlapping evidence." ECF 243 at 9. Judge Mosman concluded: "I'm not sure the witnesses overlap that much, but the evidence does in a way that at least justifies the joinder that occurred here." *Id.* Before this Court now is a second motion to sever Count Four from the remainder of the indictment, which raises essentially the same issues as those already decided by Judge Mosman.

## LEGAL STANDARDS

An indictment may charge a defendant in separate counts with two or more offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). A court determines whether joinder is proper based solely on the allegations in the indictment. *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007). When evaluating joinder under the "same or similar character" prong, courts consider: (1) elements of the statutory offenses; (2)

PAGE 4 – OPINION AND ORDER

likelihood and extent of evidentiary overlap; (3) temporal proximity; (4) physical location; (5) modus operandi; and (6) victim's identities. *Id.* at 577–78. Courts typically construe Fed. R. Crim. P. 8(a) in favor of joinder. *Id.* at 573.

A court that concludes joinder was appropriate may nevertheless order separate trials on counts if joinder of offenses would prejudice a defendant. Fed. R. Crim. P. 14(a). A defendant can establish prejudice by demonstrating one of three factors: "(1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find." *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987) (quoting *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964)). "The district court has wide discretion in ruling on a severance motion." *United States v. O'Neal*, 834 F.2d 862, 866 (9th Cir. 1987). "In this circuit, the proper test is 'whether joinder was so prejudicial to a defendant that it outweighs the dominant concern with judicial economy. . . .'" *Id.* (citing *United States v. Burgess*, 791 F.2d 676, 678 (9th Cir. 1986)).

## ANALYSIS

Defendant's second severance motion, like the first, asks this Court for an order severing Count Four from the remaining counts for a separate trial. ECF 235 at 1. Defendant makes virtually the same arguments he already raised in his prior severance motion before Judge Mosman—namely, that "only [C]ount [Four] is based solely upon the circumstances surrounding the Eugene shooting" and that no evidence has been provided suggesting that the shooting was related to a drug transaction. ECF 93 at 3–4; *see also* ECF 235 at 8 ("[T]he evidence available to the government appears to establish that the shooting was *not* related to drug trafficking."). In

PAGE 5 – OPINION AND ORDER

denying the motion, Judge Mosman concluded that Count Four was related to the rest of the indictment based on the scope and dates of the conspiracy and the overlapping evidence. ECF 243 at 9.

In the instant motion, Defendant claims that the Government now acknowledges that Count Four is unrelated to drug trafficking, so severance should be granted. ECF 235 at 2–3; *see also* ECF 183 at 6. Indeed, at the September 9, 2022 hearing on this motion, counsel for Defendant insisted that any suggestion that Defendant carried the firearm on December 2, 2017 in relation to drug trafficking is false. Instead, counsel suggests that Defendant was carrying a firearm for protection against rival gang members. The Government, however, does not concede that Count Four is completely unrelated to drug trafficking, but nevertheless points out that it is not required to prove Defendant's motive for carrying a firearm in Count Four, only that he knowingly possessed the firearm. The Government further emphasizes the significant overlap of evidence at trial with evidence of other counts. ECF 244 at 8–11.

The counts listed in the indictment are of the same or similar character under Rule 8(a). The indictment charges Defendant with the same crime (unlawful possession of firearms by a felon as an armed career criminal) on separate occasions that are less than one year apart under Counts Three and Four. ECF 45 at 2–3. Both counts list the same three predicate offenses, *id.*, and the conduct alleged in both counts occurred within the time period of the drug trafficking counts, *id.* at 1–3. There are also numerous overlapping evidentiary issues among the counts, including Count Four. *See* ECF 244 at 2–5, 8–9. In light of these considerations and because courts typically construe Fed. R. Crim. P. 8(a) in favor of joinder, this Court deems joinder proper.

Defendant also contends that severance is warranted because a joint trial would prejudice Defendant pursuant to Fed. R. of Crim. P. 14(a). However, given the significant evidentiary overlap between the counts, any alleged prejudice to Defendant under Rule 14(a) does not outweigh "the dominant concern with judicial economy . . .." *O'Neal*, 834 F.2d at 866 (citing *Burgess*, 791 F.2d at 678). Further, concerns about prejudice can be limited with appropriate jury instructions, which the jury is presumed to follow. *See Zafiro v. United States*, 506 U.S. 534, 540–41 (1993) (stating that jury instructions on admissibility of evidence and requirement to compartmentalize evidence can minimize risk of prejudice and that "juries are presumed to follow their instructions" (citation omitted)); *see also Jawara*, 474 F.3d at 580 (stating that jury instruction to treat each count separately mitigates prejudice of misjoinder). Potential prejudice to Defendant can also be reduced with appropriate limiting instructions if the parties so choose. Accordingly, this Court finds severance unwarranted under Rule 14(a).

## CONCLUSION

For the reasons set forth above, Defendant's renewed Motion for Relief from Misjoinder or for Severance, ECF 235, is DENIED. Parties are ORDERED to confer regarding appropriate limiting instructions and may submit such instructions if they so choose.

**IT IS SO ORDERED**.

DATED this 11th day of September, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge