IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:18-cr-00475-IM |
| v. | **OPINION AND ORDER** |
| **DONTAE LAMONT HUNT**, | |
| Defendant. | |

Natalie K. Wright, United States Attorney, Peter D. Sax, Gary Y. Sussman, and Suzanne A. Miles, Assistant United States Attorneys, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for the United States.

Amanda A. Thibeault, Alvarez Thibeault, LLC, 330 NE Lincoln Street, Suite 200, Hillsboro, OR 97124. John Robb, Kevin Sali LLC, 1500 SW 1st Avenue, Suite 1020, Portland, OR 97201. Attorneys for Defendant.

**IMMERGUT, District Judge.**

      For the reasons set forth on the record at the pretrial conference on October 11, 2022, and below, the Court addresses the Government's Supplemental Notice Under Fed. R. Evid. 404(b), ECF 105, and the parties' pending motions in limine, ECF 256–57; 259–62; 266.

**A. Government's Supplemental Notice Under Fed. R. Evid. 404(b) (ECF 105)**

The Government has provided notice that it will seek to present two pieces of evidence under Fed. R. Evid. 404(b): (1) Defendant's prior 2005 convictions for two counts of possession with intent to distribute more than five grams of cocaine base and one count of carrying a firearm in furtherance of a drug trafficking crime; and (2) the fact that two of the guns possessed by Defendant were stolen. If Defendant argues he possessed drugs solely for personal use, the Government seeks to introduce this evidence to demonstrate Defendant's intent to distribute.

Evidence of a defendant's other crimes, wrongs, or acts is admissible under Fed. R. Evid. 404(b) for non-character purposes, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "[E]vidence of prior criminal conduct may be admitted if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994). The court must also find that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant. *Id.* at 1183.

The Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under [Fed. R. Evid.] 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." *United States v. Mehrmanesh,* 689 F.2d 822, 832 (9th Cir. 1982). "When analyzing the similarity of prior drug crimes under [Fed. R. Evid.] 404(b), [courts] look to the type of activity undertaken, rather than the precise identity of the drugs, as the relevant factor." *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). Evidence of a defendant's prior conviction is admissible under Fed. R. Evid. 404(b). *Id.* at 1019 (upholding

PAGE 2 – ORDER

a district court's admission of a defendant's prior conviction for two counts of selling cocaine as evidence of the defendant's "knowledge of drug trafficking and distribution in general" in a prosecution for conspiracy to possess methamphetamine with intent to distribute."). The Ninth Circuit has held that a thirteen-year-old conviction was not too remote in time for admission under Fed. R. Evid. 404(b) to demonstrate intent. *See United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989).

Defendant argues that evidence of Defendant's prior convictions alone is insufficient for this Court to determine that Defendant's prior conduct is sufficiently similar to the charged conduct to be used to demonstrate Defendant's intent. Defendant contends that a factual analysis of the prior convictions is necessary to determine their admissibility. ECF 256 at 4; 286 at 2. Defendant further suggests that—if this Court were to review the factual similarity between Defendant's 2005 convictions and Defendant's present charges—this Court would be forced to stray beyond its Opinion on Defendant's Motion for Recusal. ECF 256 at 3. In *United States v. Arambula-Ruiz*, the Ninth Circuit indeed stated that a "factual similarity" between a prior conviction and the crime charged is required for admission of the prior conviction to prove *intent*—although a prior conviction may be admitted to prove *knowledge* "even when similarity is lacking, as long as it makes the existence of [the] knowledge more probable than it would be without the evidence." 987 F.2d 599, 603 (9th Cir. 1993) (internal quotations and citation omitted). Nonetheless, Defendant has failed to point this Court to case law that states that the factual similarity required by the Ninth Circuit for admission under Fed. R. Evid. 404(b) to prove intent cannot be established through evidence of the prior conviction alone. Accordingly, this Court finds that 404(b) evidence of knowledge and intent, can be established by conviction records alone. The admission of Defendant's 2005 conviction is addressed below.

1. **Use of 2005 Conviction in Government's Case in Chief**

DENIED AS MOOT as to the Government's use in its case in chief. The Government has represented that it will not introduce evidence of Defendant's prior conviction in its case in chief at trial. *See* ECF 238 at 4 (The Government "does not intend to offer evidence of [D]efendant's prior federal conviction in its case-in-chief at trial."); *see also* ECF 293 at 1 (The Government "is not planning to introduce specific information about [D]efendant's 2005 federal conviction in its case-in-chief.").

2. **Use of 2005 Conviction as Rebuttal Evidence**

RESERVED RULING as to the Government's use of the prior 2005 conviction as evidence under Fed. R. Evid. 404(b) for rebuttal. If this Court determines, based on the evidence presented at trial, that evidence of Defendant's prior conviction is probative to prove intent to distribute under Fed. R. Evid. 404(b), and its probative value is not substantially outweighed by the danger of unfair prejudice, the Government may renew its request to introduce the conviction records at the rebuttal stage of the trial. *See Mehrmanesh*, 689 F.2d at 832 (evidence of defendant's prior sale of narcotics is relevant under Fed. R. Evid. 404(b) to intent to distribute narcotics). That evidence may include the 2005 Judgment and Defendant's plea petition, which are collectively the conviction records. In its response to Defendant's Motion for Recusal, the Government did not limit itself to just offering evidence of the Judgment against Defendant—the Government noted the fact that Defendant pled guilty in his prior federal case and that the Court need not dig any deeper than Defendant's statements contained in his plea petition: "On June 15, 2002 I possessed more than 5 grams of cocaine base. I intended to distribute it. . . . On September 17, 2003 I possessed more than 5 grams of cocaine base with the intent to distribute." ECF 238 at 5 (*quoting United States v. Hunt*, No. 02-cr-333 at ECF 95). Further, in its most recent 404(b) submission, the Government has clarified that "[T]he only facts that the

PAGE 4 – ORDER

government anticipates offering are: (1) the elements of defendant's 2005 possession with intent to distribute crack cocaine charges; and (2) that defendant pleaded guilty to that offense." ECF 293 at 3.

The Government may also introduce evidence of Defendant's prior conviction for impeachment under Fed. R. Evid. 609(a)(1)(B). The jury will already hear evidence that Defendant has a prior felony conviction. Accordingly, this Court finds that the probative value of the evidence outweighs its prejudicial effect to the Defendant.

### 3. Stolen Guns

DENIED as to the stolen guns. This Court finds that the fact that two guns found at the Dekum residence were stolen is prejudicial and has little probative value for the drug-trafficking charges. Accordingly, the probative value is substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403. To the extent the fact that the weapons are stolen becomes relevant during the course of the trial, the Government may seek to renew this motion.

## B. Defendant's Motions in Limine

### 1. Defendant's Motion to Exclude Other Acts Evidence Under FRE 404(b) (ECF 256)

#### i. Prior Conviction

GRANTED as to the Government's use in its case in chief. RESERVED RULING as to the Government's use for rebuttal. *See supra* Part A. Government's Supplemental Notice Under Fed. R. Evid. 404(b) (ECF 105), Section 1. Prior Conviction.

#### ii. Gun Acquisition Text Messages

DENIED as to Defendant's intent to possess firearms. This Court finds that this evidence is highly probative of Defendant's intent to possess firearms and that the probative value is not substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.

RESERVED RULING as to Defendant's intent to distribute drugs. The Government argues that this evidence demonstrates that—after Eugene officers seized two guns from Defendant's in December 2017—Defendant was attempting to re-arm himself to facilitate his ongoing drug trafficking activities. ECF 90 at 29. This Court finds that the relationship between this evidence and the drug-trafficking charges is more tenuous and reserves ruling until the evidence is further developed at trial.

**2. Defendant's Motion to Limit Drug Trafficking Expert Testimony (ECF 257)**

DENIED. Nonetheless, the Government must lay the foundation for this expert testimony. To the extent that the Government's expert will testify about the meaning of novel coded terms, an explanation of his method of interpretation is necessary. *See United States v. Vera*, 770 F.3d 1232, 1241 (9th Cir. 2014) ("To interpret the meaning of coded language encountered for the first time . . . an officer's qualifications, including his experience with narcotics investigations and intercepted communications, are relevant but not alone sufficient to satisfy Federal Rule of Evidence 702 . . . the [expert] must explain how he applies his 'knowledge to interpret particular words and phrases used in particular conversations.'" *Id*. (*quoting United States v. Hermanek*, 289 F.3d 1076, 1094–95 (9th Cir.2002)).

Further, this Court finds that a Daubert hearing is not required. *See City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (*citing Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013)). This Court also finds that the expert's testimony describes general criminal practices, not drug courier profile evidence. *See United States v. Freeman*, 498 F.3d 893, 906 (9th Cir. 2007) (internal quotations marks and citation omitted); *United States v. Webb*, 115 F.3d 711, 715 (9th Cir. 1997), *abrogated on other grounds by United States v. Hankey*, 203 F.3d 1160, 1169 n. 7 (9th Cir. 2000).

3.  **Defendant's Motion to Determine Cross-Admissibility of Evidence and Request for Limiting Instruction (ECF 260)**

DENIED. As this Court explained in its opinion denying Defendant's Second Motion to Sever, ECF 249, there are numerous overlapping evidentiary issues among the counts in this case, including Count Four. This Court also finds that the probative value of the overlapping evidence is not substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403. Nonetheless, the parties may submit a joint stipulation or limiting instruction stating that the jury may not consider the motive for the shooting of Defendant on December 2, 2017 when evaluating the evidence in this case.

4.  **Defendant's Motion to Exclude Text Message Correspondence (ECF 261)**

As part of its case in chief, the Government intends to introduce text messages and photographs extracted from five different cell phones. This Court finds that the probative value of this correspondence is not substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403 and otherwise addresses the admissibility of this evidence below.

   i.  **Rylie Jones' Cellphone**

RESERVED RULING. Text message correspondence on Rylie Jones' cellphone may be admitted—subject to possible redaction—once the Government establishes by a preponderance of the evidence that there was a conspiracy involving Jones and Defendant and that the statements were made during and in furtherance of the conspiracy. *See Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987); *see also United States v. Bowman*, 215 F.3d 951, 960–61 (9th Cir. 2000). Jones' statements may be admitted as statements by an opposing party's co-conspirator under Fed. R. Evid. 801(d)(2)(E), Defendant's statements may be admitted as statements by an opposing party under Fed. R. Evid. 801(d)(2)(A), and Jones' father's statements may be admitted only to put Jones' statements into context. However, this Court ORDERS the

parties to confer regarding potential redactions of the statements made by Jones' father discussed at the October 11, 2022 pretrial conference.

### ii. Hunt-5114 Alcatel Cellphone

RESERVED RULING. Once Government witnesses lay the foundation that this cellphone was used by Defendant, incoming text messages pertaining to requests for drugs or making payments to Defendant may be admitted, not for the truth of the matters asserted therein, but as circumstantial evidence to show that Defendant's phone was being used for drug trafficking. *See United States v. Ordonez*, 737 F.2d 793, 805 (9th Cir. 1983); *see also United States v. Jaramillo Suarez*, 950 F.2d 1378, 1383 (9th Cir. 1991).

### iii. Hunt-1757 Correspondence with PR Suebsang; Hunt-8787 Correspondence with PR Suebsang re Guns; and Hunt-1751 Eugene Correspondence with PR Suebsang re "Stuff"

RESERVED RULING. Once Government witnesses lay the foundation that this cellphone was used by Defendant and the Government also establishes by a preponderance of the evidence that there was a conspiracy involving Suebsang and Defendant and that the statements were made during and in furtherance of the conspiracy, this correspondence may be admitted. Suebsang's statements may be admitted as statements by an opposing party's co-conspirator under Fed. R. Evid. 801(d)(2)(E), and Defendant's statements may be admitted as statements by an opposing party under Fed. R. Evid. 801(d)(2)(A).

### iv. Hunt-1751 Portland Correspondence with "Ace" re Drug Deal

RESERVED RULING. Once Government witnesses lay the foundation that this cellphone was used by Defendant, this correspondence may be admitted. Defendant's statements may be admitted as statements by an opposing party under Fed. R. Evid. 801(d)(2)(A), and the statements made by "Ace," an alleged drug supplier, may be admitted only to put Defendant's statements into context.

PAGE 8 – ORDER

**5. Defendant's Motion in Limine to Exclude Evidence of "Unexplained Wealth" (ECF 266)**

RESERVED RULING. This Court has scheduled a hearing to allow a representative from the Government who has familiarity with the relevant facts to testify about the connection between the unexplained wealth and drug trafficking as opposed to other sources.

**6. Defendant's Motion Incorporating Previously Filed Motions in Limine (ECF 259)**

### i. Motion a. Overdose Investigation

DENIED with limitations. The Government may present evidence of the overdose death and that it led investigators to Defendant. However, the Government may not present photos, discuss autopsies, or elicit other prejudicial details about the overdose death. This Court finds that the probative value of this limited evidence is not substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.

### ii. Motion b. Jewelry, Gold Watch and Cash

RESERVED RULING. The Government has withdrawn Exhibit 186 (a photograph of Defendant wearing jewelry) but may seek to admit other photographs, including Exhibit 181 (a photograph of Defendant holding cash). *See supra* Part B. Defendant's Motions in Limine, Section 5. Defendant's Motion in Limine to Exclude Evidence of "Unexplained Wealth" (ECF 266).

### iii. Motion c. Canyon Road Apartment

GRANTED. The Government does not object to this motion.

### iv. Motion d. Walmart Transfers

RESERVED RULING. *See supra* Part B. Defendant's Motions in Limine, Section 5. Defendant's Motion in Limine to Exclude Evidence of "Unexplained Wealth" (ECF 266).

### v. Motion e. Brazzle Statements

GRANTED IN PART and DENIED IN PART. E'Trece Brazzle, may testify as to her observations of Defendant's behavior and may explain how she acquired the money found during the September 27, 2018 search at her residence. This Court denies Defendant's motion as it relates to this testimony. However, Brazzle may not characterize the money found as "drug money," and this Court grants Defendant's motion as it relates to this characterization. This Court finds that the probative value of Brazzle's observations alone is not substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.

### vi. Motion f. Drug Jargon Expert

DENIED. *See supra* Part B. Defendant's Motions in Limine, Section 2. Defendant's Motion to Limit Drug Trafficking Expert Testimony (ECF 257).

### vii. Motion g. Dekum Street Domestic Violence Investigation

GRANTED. The Government does not object to this motion.

### viii. Motion h. CW1's Relationship with Mr. Hunt

DENIED with limitations. The Government may elicit testimony from CW1 about her relationship with Defendant, including its origin. The Defendant does not object to such testimony but does object to the use of the terms, "prison" and "federal correctional institution," and prefers the term, "incarceration." This Court orders that any testimony regarding Defendant's prior incarceration should be limited to the facts necessary for the jury to understand and fairly evaluate CW1's testimony. The Government may not elicit testimony that would allow the jury to determine the length of Defendant's prior prison sentence, such as testimony regarding the amount of time for which Defendant was incarcerated. Further, CW1 should use the word "incarcerated," rather than "prison" or "federal correctional institution," in reference to

Defendant's penal status. The parties may submit a limiting instruction regarding Defendant's prior incarceration, if deemed necessary.

### ix. Motion i. Text Conversation Regarding Handguns

DENIED as to Defendant's intent to possess firearms. RESERVED RULING as to Defendant's intent to distribute drugs. *See supra* Part B. Defendant's Motions in Limine, Section 1. Defendant's Motion to Exclude Other Acts Evidence Under FRE 404(b) (ECF 256), Subsection b. Gun Acquisition Text Messages.

### x. Motion j. Michael Bell ID Found Among Hunt's Personal Items

DENIED. Assuming the identification card contains a picture of Defendant, was found in the Dekum residence, and was used in connection with a rental car as outlined by the Government in its response to Defendant's motion, ECF 276-2 at 7–8, this Court finds that evidence of the identification card is admissible. This Court finds that the probative value of the identification card is not substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.

## C. Government's Motions in Limine (ECF 262)

### 1. Motion I. Motion to Preclude Mention of Potential Punishment

GRANTED. The Defendant may not present evidence or argument regarding the potential punishment that he may face if he is convicted. However, the parties may inquire into the potential punishment of cooperating witnesses, as long as the questioning does not involve a comparison between the potential punishment of the witnesses and that of Defendant.

### 2. Motion II. Motion to Preclude Mention of Detective McCollister's Prior Police Shootings

GRANTED. This evidence has no probative value and is inadmissible under Fed. R. Evid. 608(b) and 403. However, to the extent that the Government seeks to portray Detective McCollister as flawless, Defendant may re-raise this issue at trial.

### 3. Motion III. Motion to Preclude Evidence of Discipline Stemming from Divorce and Child Custody Proceedings

RESERVED RULING. This Court finds that this evidence is generally admissible for impeachment under Fed. R. Evid. 608(b) to assess the credibility of a witness, when credibility is at issue. Nonetheless, whether it is proper to admit such evidence in this case, will depend on the content of Detective Stenzel's testimony, and whether his credibility is at issue.

## A. Select Evidentiary Issues

### 1. Defendant's Exhibit 304 – Video of A.H. Interview

RESERVED RULING. The Court reserves ruling on Exhibit 304—which consists of an hour-and-a-half-long video interview of A.H. by law enforcement—until A.H. testifies. This Court has reviewed the video interview. It appears to this Court that the video is likely to be, in large part, cumulative of A.H.'s expected trial testimony and of limited probative value. However, this Court also finds that its probative value as impeachment evidence will not be fully evident until A.H. testifies. Further, the video contains multiple references to gang affiliation that may be highly prejudicial to Defendant. To the extent that some limited portions of the video show the tenor of the interview and A.H.'s state of mind during the interview, those portions may be admissible as impeachment evidence. Accordingly, the parties are ORDERED to confer regarding appropriate redaction of the video so that portions of it may be played as impeachment evidence.

### 2. Defendant's Exhibit 313 – Physical Therapy Instructions

Although this Court pre-admitted Exhibit 313 at the pretrial conference, upon further reflection, this Court RESERVES RULING as to Exhibit 313 until Defendant lays the foundation for its relevance through witness testimony. Exhibit 313 does not include Defendant's name, and its probative value is not apparent from the face of the exhibit and, without foundational testimony, would have the tendency to confuse the jury.

### 3. Defendant's Exhibit 314 and 315 – Jessica Thompson CCH Letter and Jessica Thompson Gun Safety

ADMITTED on the condition that the authenticity of the exhibits is established or stipulated to. Defendant is seeking to offer Exhibits 314 and 315 for the truth of the matter asserted in the documents. This Court finds that the exhibits may be admitted as public records under Fed. R. Evid. 803(8) if the government does not object to their authenticity. This Court finds that the exhibits are probative of Defendant's theory that someone other than Defendant was responsible for the firearms found at the Dekum residence. Thus, this Court will conditionally admit these exhibits as public records, unless the Government raises an authenticity challenge.

///
///
///
///
///
///
///
///
///

**CONCLUSION**

For the reasons set forth on the record at the pretrial conference and above, the Government's Supplemental Notice Under Fed. R. Evid. 404(b), ECF 105, and the parties' pending motions in limine, ECF 256–57; 259–62; 266, are GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED**.

DATED this 15th day of October 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge