IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DONTAE LAMONT HUNT**, <br><br> Defendant. | Case No. 3:18-cr-00475-IM-1 <br><br> **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Natalie K. Wight, United States Attorney, Peter D. Sax, Suzanne A. Miles, and Gary Y. Sussman, Assistant United States Attorneys, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for the United States.

John Robb, Kevin Sali LLC 1500 SW First Avenue, Suite 1020, Portland, OR 97201. Amanda Alvarez Thibeault, Angeli Law Group, LLC, 121 SW Morrison Street, Suite 400, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

This matter comes before this Court on Defendant Dontae Lamont Hunt's Motion to Dismiss Counts Three and Four. ("Mot."), ECF 362. On October 12, 2022, a federal grand jury returned a seven-count second superseding indictment charging Defendant with: (1) Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(B)(vi), 841(b)(l)(C), and 846; (2) Possession With Intent to Distribute Fentanyl Analogue, in violation of 21 U.S.C. §§ 841(a)(l) and 84l(b)(l)(B)(vi);

PAGE 1 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

(3) Unlawful Possession of Firearms - Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(l) and 924(e)(l); (4) a second count of Unlawful Possession of Firearms - Armed Career Criminal in violation of 18 U.S.C. §§ 922(g)(l) and 924(e)(l); (5) Possession of Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(l)(A); (6) Laundering of Monetary Instruments, in violation of 18 U.S.C. § 1956; and (7) a second count of Laundering of Monetary Instruments, in violation of 18 U.S.C. § 1956. Second Superseding Indictment ("SSI"), ECF 289.

Defendant was found guilty on October 26, 2022 of all counts except Count Five, following a seven-day jury trial. ECF 329. One court day before sentencing, on September 15, 2023, Defendant filed his motion to dismiss Counts Three and Four because, he argues, § 922(g)(1) violates the Second Amendment as applied to him, citing the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2129–30 (2022). Numerous federal courts across the country have rejected this argument. Like those courts, this Court holds that § 922(g)(1) does not violate the Second Amendment. Accordingly, Defendant's motion is DENIED.[1]

## LEGAL STANDARDS

Defendant is a convicted felon. He now brings an as-applied challenge to § 922(g)(1) contending that his disarmament is inconsistent with the Nation's historical tradition of firearm regulations and is therefore unconstitutional under *Bruen*. Mot., ECF 362 at 3–6. The issue before this Court is whether *Bruen*, in stating a new test for assessing constitutionality under the Second Amendment, repudiated Supreme Court and other pre-*Bruen* Ninth Circuit precedent

---

[1] This Court heard argument on this motion and DENIED it on September 18, 2023. ECF 364. As stated on the record, this opinion follows to explain this Court's reasoning.

regarding the constitutionality of § 922(g)(1). "[W]here the reasoning or theory of [a] prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority," that precedent should be rejected as having been "effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 890, 893 (9th Cir. 2003) (en banc), *overruled on other grounds*, *Sanchez v. Mayorkas*, 141 S. Ct. 1809 (2021). "It is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (citation omitted). "So long as the court can apply [the] prior circuit precedent without running afoul of the intervening authority it must do so." *Id.* (citation omitted).

## DISCUSSION

Defendant argues that prohibiting felons from possessing firearms under § 922(g)(1) is inconsistent with the Nation's historical tradition of firearm regulations and is therefore unconstitutional under *Bruen*.[2] Mot., ECF 362 at 3–6. The Government responds that *Bruen* did not effectively overrule *Heller* and the Ninth Circuit precedent upholding the prohibition on possession of firearms by felons because the cases are not clearly irreconcilable. Response to Motion by U.S.A., ECF 363 at 2. Moreover, the Government argues that restricting Second Amendment rights to law-abiding citizens is well-rooted in this Nation's history of firearm regulation. *Id.* at 3–4. This Court finds that *Bruen* is not clearly irreconcilable with the reasoning in prior Supreme Court and Ninth Circuit authority. Accordingly, *Bruen* did not overrule those

---

[2] While Defendant claims to be bringing an as-applied challenge, his motion contains no specific facts about his circumstances or criminal history. This Court therefore finds the cases rejecting facial challenges to § 922(g)(1) equally applicable.

PAGE 3 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

cases, and this Court is bound by that precedent. This Court further concludes that restricting felons from possessing firearms is well-rooted in this Nation's history of firearm regulation.

In *District of Columbia v. Heller*, the United States Supreme Court struck down a District of Columbia law banning possession of handguns in the home. 554 U.S. 570, 635 (2008). In so doing, the Supreme Court concluded that the Second Amendment protects the individual right to bear arms. *Id.* at 625. However, the Court counseled that this right is not unlimited and that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" which the Court described as "presumptively lawful." *Id.* at 626, 627 n.26. Two years later, in *McDonald v. City of Chicago*, the Court reiterated that *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.'" 561 U.S. 742, 786 (2010).

Relying on *Heller*, the Ninth Circuit has repeatedly held that § 922(g)(1) does not violate the Second Amendment. *See, e.g.*, *United States v. Phillips*, 827 F.3d 1171, 1175 (9th Cir. 2016); *Van Der Hule v. Holder*, 759 F.3d 1043, 1051 (9th Cir. 2014); *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010).

Following *Heller* and *McDonald*, the Ninth Circuit, adopted a two-step, means-end test to assess the constitutionality of firearms regulations. *See Young v. Hawaii*, 992 F.3d 765, 783–84 (9th Cir. 2021) (en banc). But in June 2022, the Supreme Court rejected this two-step analysis and held that the proper test for whether a regulation violates the Second Amendment is as follows: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129–30.

PAGE 4 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This Court finds that *Bruen* is not irreconcilable with pre-*Bruen* precedent regarding the constitutionality of § 922(g)(1). In *Bruen*, the majority stated that its holding is "in keeping with *Heller*." 142 S. Ct. at 2126. Likewise, Justice Alito, writing in concurrence, noted that *Bruen* "decides nothing about who may lawfully possess a firearm," and disturbed nothing from *Heller* "about restrictions that may be imposed on the possession or carrying of guns." *Id.* at 2157 (Alito, J., concurring). Justice Kavanaugh, writing in a concurrence joined by Chief Justice Roberts, reiterated that "the Second Amendment allows a 'variety' of gun regulations," including "presumptively lawful regulatory measures" such as "prohibitions on the possession of firearms by felons." *Id.* at 2162 (Kavanaugh, J., concurring).[3] Justice Breyer, writing in dissent, stated that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting possession of firearms by felons. *Id.* at 2189 (Breyer, J., dissenting). Even before *Bruen*, the Ninth Circuit examined the historical tradition of gun regulation to conclude that § 922(g)(1) is consistent with the Second Amendment. *See Vongxay*, 594 F.3d at 1116–18. This Court finds that *Bruen* is not clearly irreconcilable with the reasoning in *Heller* or *Vongxay*. Accordingly, *Bruen* did not overrule these cases, and this Court is bound by them.

Further, since *Bruen*, numerous federal courts in the Ninth Circuit and across the country have rejected challenges by criminal defendants to the constitutionality of § 922(g)(1). *See, e.g.*,

---

[3] Moreover, in *Heller*, *McDonald*, and *Bruen*, the Supreme Court repeatedly characterized the Second Amendment right as belonging to *law-abiding* citizens. *See Heller*, 554 at 635 ("The Second Amendment . . . 'surely elevates above all other interests the right of law-abiding, responsible citizens to use arms' for self-defense."); *McDonald*, 561 U.S. at 790 (explaining that "[i]f . . . the safety of . . . law-abiding members of the community would be enhanced by the possession of handguns in the home for self-defense," then such possession would be protected by the Second Amendment); *Bruen*, 243 S. Ct. at 2133 (instructing courts to consider the burden on a "law-abiding citizen's right to armed self-defense"); *see also id.* at 2122, 2134, 2138, 2150, 2156; *id.* at 2157 (Alito, J., concurring); *id.* at 2162 (Kavanaugh, J., concurring).

PAGE 5 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

*Vincent v. Garland*, No. 21-4121, 2023 WL 5988299, at *4 (10th Cir. Sept. 15, 2023); *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023); *United States v. Hatch*, No. 23-CR-1201-CAB, 2023 WL 5020270, at *1 (S.D. Cal. Aug. 7, 2023); *United States v. Pineda*, No. 6:21-CR-00482-AA, 2023 WL 4053583, at *1 (D. Or. June 16, 2023); *United States v. Sais*, No. 22-CR-2456-GPC, 2023 WL 3510406, at *3 (S.D. Cal. May 17, 2023); *United States v. Chatman*, No. 14-CR-00552-CRB-1, 2023 WL 3509699, at *1 (N.D. Cal. May 16, 2023); *United States v. Guthery*, No. 2:22-CR-00173-KJM, 2023 WL 2696824, at *4 (E.D. Cal. Mar. 29, 2023); *United States v. Kilgore*, No. 1:21-CR-00277 JLT SKO, 2023 WL 2505012, at *2 (E.D. Cal. Mar. 14, 2023); *United States v. Davis*, No. 1:21-CR-00206-ADA-BAM-1, 2023 WL 2505039, at *4 (E.D. Cal. Mar. 14, 2023); *United States v. Serrano*, No. 21-CR-1590 JLS, 2023 WL 2297447, at *10 (S.D. Cal. Jan. 17, 2023); *United States v. Butts*, No. CR 22-33-M-DWM, 2022 WL 16553037 (D. Mont. Oct. 31, 2022); *United States v. Carleson*, No. 3:22-CR-00032-SLG, 2022 WL 17490753 (D. Alaska Oct. 28, 2022); *United States v. Siddoway*, No. 1:21-CR-00205-BLW, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v. Hill*, No. 21CR107 WQH, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022); *see also Butts*, No. CR 22-33-M-DWM at *4 n.4 (collecting cases). In keeping with these decisions, this Court now concludes that the prohibition on the possession of firearms by felons found in § 922(g)(1) does not violate the Second Amendment and further that such restrictions are well-rooted in our Nation's historical tradition of limiting Second Amendment protections to law-abiding citizens.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Counts Three and Four, ECF 362, is DENIED.

**IT IS SO ORDERED**.

DATED this 3rd day of October, 2023.

                                                /s/ Karin J. Immergut
                                                Karin J. Immergut
                                                United States District Judge